IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HARLAN HOWARD SONGS, INC., ) | |
| ) | |
| Plaintiff and Counter-Defendant ) | |
| ) | |
| v. ) | Civil No. 3:11-0899 |
| ) | Judge Trauger |
| BRANDON RHIDDLEHOOVER, professionally ) | |
| known as BRANDON RHYDER ) | |
| ) | |
| Defendant, Counter-Plaintiff, and ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MELANIE HOWARD, ) | |
| ) | |
| Third-Party Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Brandon Rhiddlehoover p/k/a/ Brandon Rhyder ("Rhyder") has filed a Motion to Dismiss the claims against him brought by the plaintiff, Harlan Howard Songs, Inc. ("HHS"), alleging that this court lacks subject matter jurisdiction because the amount in controversy in this diversity case does not reach the jurisdictional threshold of $75,000.00. (Docket No. 19) The plaintiff has responded in opposition. (Docket No. 21)

This case was brought originally in federal court. Therefore, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co.,* 303 U.S. 283, 288-89(1938). The amount in controversy should be determined "from the prospective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Goldsmith v. Sutherland,* 426 F.2d 1395, 1398 (6th Cir. 1970).

Where state law "at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement. Absolute certainty is not required. It is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Kovacs v. Chesley*, 406 F.3rd 393, 397 (6th Cir. 2005) (internal citations omitted)

The Amended Complaint alleges numerous breaches of the 2007 Exclusive Songwriter Agreement ("Agreement") entered into by the parties. (Docket No. 18) The Amended Complaint further alleges that Rhyder has failed to assign performance royalties and a percentage of his interest in compositions that pre-existed the agreement. The amount of these interests and royalties is unknown at this time, is not of record in this case, and certainly cannot be limited by Rhyder's self-serving estimate of these amounts expressed in a footnote of Rhyder's brief.

In addition, the Agreement provides for the recovery of attorney's fees incurred by HHS "to enforce this agreement." (Docket No. 1, Ex. A, ¶ 20) When attorney's fees are provided for in a contract, they are properly considered in determining whether the amount in controversy has been met in a diversity case. *Williamson v. Aetna Life Ins. Co.*, 481 F.3rd 369, 376 (6th Cir. 2007). It is by no means improbable that, should HHS prevail in this action, its attorney's fees will exceed $30,000.00.[1]

Rhyder argues that, because punitive damages are not recoverable in this case, they may not be considered for purposes of determining the amount in controversy. Whether or not

---

[1] Rhyder concedes that the damages alleged total at least $56,250. (Docket No. 20 at 2)

punitive damages are available under Tennessee law in a breach of contract action appears to be an unsettled area of Tennessee law. *Compare Medley v. A.W. Chesterton Co.*, 912 S.W.2d 748, 753 (Tenn.Ct App. 1995), *Stewart Title Co. of Memphis v. First American Title Ins. Co.* 44 F.Supp.2d 942, 964(W.D.Tenn. 1999), and *Mohr v. DaimlerChrysler Corp.,* 2008 WL 4613584 (Tenn.Ct. App. October 14, 2008), *with Smith v. Nationwide Property and Cas.Ins.Co.*, 505 F.3d 401, 408 (6th Cir. 2007). It is not clear to the court at this point whether or not the plaintiff would be able to recover punitive damages in this case. However, the standard for including potential punitive damages in the amount in controversy in a diversity case is whether state law "at least arguably permits the type of damages claimed.*" Kovacs v. Chesley*, 406 F.3d at 397.

The potential damages alleged by the plaintiff in the Amended Complaint, including attorney's fees and excluding punitive damages, appear to the court to sufficiently reach the diversity jurisdiction threshold so as to warrant denial of this motion. The defendant has failed to establish to a legal certainty that the plaintiff's claims are for less than the jurisdictional amount. For the reasons expressed herein, Rhyder's Motion to Dismiss (Docket No. 19) is **DENIED.**

It is so **ORDERED**.

ENTER this 29th day of March, 2012.

_____
ALETA A. TRAUGER
U.S. District Judge